

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed June 29, 2021

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BRITT TRUCKING COMPANY, | § | CASE NO. 21-50031-rlj11V |
| | § | |
| Debtor. | § | |

### MEMORANDUM OPINION AND ORDER

Joseph Smith, Rocky Kelly, JW Oilfield Hauling Inc, Billy Ray Smith, and JRS Unlimited, the aptly labeled "Litigation Creditors," oppose the Debtor's motion asking for approval to employ Craig, Terrill, Hale & Grantham, LLP (CTHG) as, essentially, special litigation counsel. The Litigation Creditors and the Debtor (and the Debtor's President and largest shareholder, Chance Britt) are particularly adverse: they are parties to multiple state court suits pending in the 106th Judicial District Court of Dawson County, Texas.

I.

The Litigation Creditors allege that the Debtor's motion fails to comply with the requirements of Rule 2014, which rule provides the requirements for an application to employ

counsel.[1] They also allege that CTHG should not be allowed to represent the Debtor in any capacity in the bankruptcy case because it also represents an insider, Chance Britt, (and that Britt is a particularly suspicious insider); there is a conflict of interest between the Debtor and Chance Britt, with potential claims held by the Debtor against Britt; and the Debtor has failed to promptly and candidly disclose all facts that might elucidate the Court on whether CTHG's retention is proper.

II.

Under Rule 2014, an application to employ counsel must state the facts showing the need of counsel's employment, the reason for selecting counsel, the services to be provided, and the arrangement for compensation. The application must also contain a verified statement by the person to be employed setting forth all connections with the debtor, creditors, and any party in interest. For the most part, the motion (as so-styled rather than as an application) satisfies Rule 2014. It discloses that CTHG, prior to the Debtor's bankruptcy filing, represented the Debtor in multiple still-pending lawsuits between the Debtor and the Litigation Creditors. The motion states that CTHG will assist on "corporate and business transactions . . . and sale of assets." ECF No. 12 ¶ 2. The motion states that CTHG was paid a retainer of $2,377.75.[2] The motion fails, however, to disclose CTHG's "connections with" creditors and other parties in interest. The problem is its failure to explain the firm's relationship with and representation of *Chance Britt* along with that of the Debtor in the state court litigation. The Litigation Creditors, however, are obviously aware of CTHG's involvement. The day before the hearing on the motion, CTHG filed its Rule 2016(b) Disclosure Statement that, prior to the Debtor's bankruptcy filing, CTHG

---

[1] "Rule" refers to a rule of the Federal Rules of Bankruptcy Procedure.
[2] This was corrected by the Supplemental Rule 2016(b) Disclosure Statement that was filed by CTHG on May 28, 2021. ECF No. 56 ¶ 5.

told Chance Britt that it would not continue to represent him and that he needed to retain other counsel for the pending state court suits. The Rule 2016(b) Disclosure also says that another entity, Britt Dirt Contracting, Inc., contributed $33,000 of the $40,500 of retainers that went to Mr. Bass ($27,338) and CTHG ($3,184.85).[3] For the motion here, the Court concludes, based on counsel's representations, that CTHG has no actual conflict of interest with the Debtor and is disinterested. *See* 11 U.S.C. § 101(14).[4] It also disclosed payments made to it to date, including payments made within the ninety days prior to the bankruptcy filing.

### III.

### The Order

The Court approves the retention, subject to CTHG clarifying its "specified special purpose" and how it will be compensated—stating that legal services will cover "all aspects of this case" and that its compensation "will *presumptively* come from Britt Trucking" is meaningless. ECF No. 49 at 1, 2 (emphasis added). If these two matters are *not* clarified within ten days of entry of this order, the motion will be denied; it is otherwise approved.

SO ORDERED.

### End of Memorandum Opinion and Order ###

---

[3] The Debtor paid $7,500 for the retainers.

[4] The Court is *not* here deciding if the Debtor has a potential claim against CTHG based on it having paid a prepetition claim with post-petition funds. The initial 2016(b) disclosure filed by CTHG that was filed on May 25, 2021 (ECF No. 49) reflects a payment, described as a retainer, from Britt Trucking on March 4, 2021 in the amount of $7,500.00. Britt Trucking Company filed its case on March 3, 2021.

The Supplemental Rule 2016(b) Disclosure filed on May 28, 2021 (ECF No. 56), two days after the hearing on the Debtor's motion to employ, states at footnote 1 to Exhibit 1, that for the March 4 retainer payment: "Check received and dated March 3, 2021 prior to bankruptcy. March 4, 2021 was posting date of payment." ECF No. 56, Ex. 1. The supplemental disclosure also says "Attached as Exhibit 1A are copies of the checks received on behalf of the Debtor. All payments received were before the Debtor filed bankruptcy on March 3, 2021." ECF No. 56 ¶ 4. But Exhibit 1A does not show a check from the Debtor dated March 3, 2021 in the amount of $7,500.00. Instead, it has a copy of a $10,866.55 check, dated March 3, 2021, from the CTHG Trust Account to CTHG.